UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00176-RJC

| | |
|---|---|
| ANTHONY THOMAS WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (Doc. Nos. 9, 10). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

I. **BACKGROUND**

Plaintiff Anthony Thomas Watts ("Watts") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Watts filed an application for disability insurance benefits on June 10, 2019, with an alleged onset date of May 30, 2018. (Tr.[1] 10).

In denying Watts's social security claim, the ALJ conducted a five-step sequential evaluation. (*Id.* at 12-25). At step one, the ALJ found that Watts had not engaged in substantial gainful activity since May 30, 2018, the alleged onset date. (*Id.* at 12). At step two, the ALJ found

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 8.

that Watts had the following combination of severe impairments: obesity, degenerative disc disease status post surgeries, and a history of a left leg crush injury status post decompression surgery related to compartment syndrome. (*Id.*). The ALJ also found that Watts had the following combination of non-severe impairments: hypertension, pre-diabetes, obstructive sleep apnea, and depression. (*Id.* at 13). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 14). Before moving to step four, the ALJ found that Watts had the residual functional capacity ("RFC") below:

> the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently. The claimant can stand and walk with normal breaks for about six hours in an eight-hour workday and can sit with normal breaks for about six hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, or crouch, but can never climb ladders, ropes, and scaffolds. The claimant should avoid exposure to hazardous, moving machinery and unprotected heights.

(*Id.*). At step four, the ALJ found that Watts was unable to perform any past relevant work, and found at step five that he could perform jobs that existed in significant numbers in the national economy. (*Id.* at 23-24).

After exhausting his administrative remedies, Watts brought the instant action for review of Defendant's decision denying his applications for disability insurance benefits. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Watts argues the ALJ erred because he did not evaluate Watts's lymphedema when determining his medical impairments nor did the RFC include limitations from Watts's lymphedema or provide an adequate explanation for rejecting those limitations.

"The determination of eligibility for social security benefits involves a five-step inquiry."

*Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "The five step inquiry asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of [one of certain listed] impairments . . .; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work." *Id.* at 653 n.1; 20 C.F.R. § 404.1520. Before the fourth step, the ALJ determines the claimant's RFC, which is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 404.1546(c). The ALJ determines whether the claimant has any medically determination physical or mental impairments, assesses the nature and extent of the claimant's physical and mental limitations and restrictions, and then determines the claimant's RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545. The RFC should be assessed "based on all the relevant evidence in [the claimant's] case record" and considering all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545.

At the step two, the ALJ found that Watts has certain severe and non-severe impairments, but the ALJ's decision did not evaluate Watt's lymphedema during this second step. "The failure to find an alleged impairment severe at step two is not reversible error where the ALJ considers the alleged impairment at subsequent steps of the analysis." *Harrold v. Berryhill*, No. 5:16-CV-221-FDW-DCK, 2018 WL 1163264, at *6 (W.D.N.C. Feb. 13, 2018); *Tremble v. Colvin*, No. 2:15–CV–00001–D, 2016 WL 484214, at *4 (E.D.N.C. Jan. 20, 2016). Indeed, Watts agrees that "if an ALJ adequately considers impairments throughout the subsequent steps of his analysis, any error at step 2 is harmless." (Doc. No. 12 at 1). However, according to Watts, the ALJ erred because he did not adequately consider Watts's lymphedema at subsequent steps in the analysis,

specifically when determining Watts's RFC.

Contrary to Watts's assertion, and as Watts acknowledges, the ALJ considered the evidence of his lymphedema when determining his RFC. The ALJ noted:

> The claimant did complain of edema to his primary care provider. While he was referred to therapy at that time, he only attended a few of the recommended 24 to 36 sessions. The claimant visited Vickery Family Medicine in mid-January of 2019 with complaints of swelling in the feet, ankles, and legs up to the calf for three to four months. He was referred to occupational therapy at Lymphedema Center of Asheville (See Ex. 3F). He attended an initial evaluation and therapy session there less than a week later. After evaluation, therapy was recommended 2 to 3 times weekly for 12 weeks. The claimant appears, however, to have attended only five sessions through mid-February of 2019, failing to return afterward (See Ex. 10F).

(Tr. 18). Later, the ALJ observed that in July 2020, when at the hospital, Watts reported chronic lymphedema in his left leg, but that "[o]bservations showed mild edema in the left leg." (*Id.* at 21). "He followed-up with his primary care provider at Vickery Family Medicine and was generally advised to watch the leg closely, stop smoking, and lose weight." (*Id.* at 21). Additionally, the ALJ noted that Watts "testified as to lower extremity lymphedema, with swelling, though this appears to have largely resolved. (See, e.g., Ex. 13f). He testified to the need to lie down during the day, though there is little, if any, evidence he has reported such need to any treating provider." (*Id.*). Considering this, and the remaining medical and other evidence, including two medical opinions "consistent with the record as a whole" that Watts can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday, the ALJ determined Watt's RFC. (*Id.* at 22-23).

Here, while the ALJ did not consider Watt's lymphedema at the second step in his analysis, the ALJ did adequately consider and evaluate Watts's lymphedema when determining his RFC. Watts acknowledges that the ALJ did consider his lymphedema while determining his RFC, but disagrees with how the ALJ evaluated this impairment and related limitations. It is not for this

Court to weigh or reweigh the evidence nor to substitute its own judgment for that of the Commissioner. The Commissioner's decision is supported by substantial evidence. Accordingly, the Court affirms the decision. *Hays v. Sullivan*, 907 F.2d at 1456; *Harrold*, 2018 WL 1163264, at *5-6.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**; and

3. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: January 11, 2023

Robert J. Conrad, Jr.
United States District Judge